UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARBONE'S FINE FOODS AND WINES LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARBONE RESTAURANT LLC, CARBONE FINE FOOD LLC, THE MAJOR FOOD GROUP LLC, and MAJOR INTELLECTUAL LLC,<br><br>Defendants. | CASE NO. 3:22-CV-01184-E |

**DEFENDANTS' MOTION TO EXTEND DEADLINES
AND FOR EXPEDITED DISCOVERY**

Defendants file this motion to resolve a narrow dispute between the parties and facilitate an agreement to mediate this case.

The parties have agreed to mediate this case on August 8, 2022. The parties have further agreed that in the event that mediation fails, the parties will engage in some targeted, expedited discovery, and Defendants will file a response to Plaintiff's Motion for Preliminary Injunction after completing that discovery. The parties, however, disagree on two narrow issues: the scope of the targeted discovery and the deadline for Defendants to respond to Plaintiffs' Motion for Preliminary Injunction. As to the first issue, Plaintiff has agreed to produce its declarants for expedited depositions following the mediation but will not agree to produce any documents. As to the second issue, Plaintiff has proposed a motion response deadline of August 30, 2022; but to permit time to complete the targeted discovery and incorporate that evidence into their response, Defendants propose a date approximately two weeks later of September 16, 2022.

To resolve these two issues—and permit the parties to proceed with mediation in this case in the meantime—Defendants respectfully request that the Court: (1) continue Defendants' deadline to file their response to the First Amended Complaint to August 30, 2022 (which Plaintiff has also agreed to); (2) continue Defendants' deadline to respond to Plaintiff's Motion for Preliminary Injunction to September 16, 2022; (3) order Plaintiff to produce three narrow categories of documents (described below) by August 12, 2022; (4) order Plaintiff's two declarants in support of its Motion for Preliminary Injunction to sit for depositions during the week of August 22–26, 2022; and (5) permit Defendants to serve a subpoena for deposition and documents on Mr. Stephen Summers, who is an investor in both Plaintiff's and Defendants' respective restaurants and has knowledge of Plaintiff's acquiescence to Defendants' use of CARBONE in Dallas.

**I.     BACKGROUND**

Defendant Major Food Group owns the distinct, nationally-known CARBONE restaurant concept, which first launched in New York City in March 2013.  CARBONE has consistently received rave reviews for its food and ambiance, including a Michelin star each year since 2014.  Plaintiff was aware of Defendants' plans to open a CARBONE restaurant in Dallas since at least as early as 2020—including through Mr. Summers who is an investor in both businesses.  Not only did Plaintiff make no objection, its founder, Julian Barsotti, affirmatively acquiesced to the plans by sending Defendants' principal a congratulatory text, welcoming them to Dallas' design district in September 2020:



Mr. Barsotti's invitation made sense.  There are stark differences between Defendants' CARBONE restaurant located in Dallas' trendy design district, and Plaintiff's casual restaurant and grocery, located in a shopping mall, which offers to-go orders and sells frozen pasta and sauces that can be prepared at home.  There are also conspicuous differences in the parties' respective branding.  Defendants were thus puzzled when, out of the blue, they received a cease-and-desist

3

letter from Plaintiff's counsel in December 2021.  When they followed up with Mr. Summers, however, he told them not to worry about it. He explained that Mr. Barsotti had not authorized his attorney to send it and that Mr. Barsotti was "not moving forward" with the claims in the letter. He said that the letter was the result of a "scumbag attorney trying to get paid."

> Sat, Dec 11, 12:07 AM
>
> Call me, Jules did not authorize that letter, the attorney went rogue after Jules stopped talking to him,  he's not moving forward
>
> Ok. Will disregard. Call you later.
>
> Scumbag attorney trying to get paid

Satisfied with this explanation, Defendants proceeded with their well-publicized plans to open the CARBONE restaurant in Dallas on March 30, 2022.  And consistent with Mr. Summers' text, Defendants never heard anything further from Plaintiff during this period.  Defendants were thus shocked when Plaintiff filed this lawsuit on June 1, 2022.  Plaintiff then waited over six additional weeks to file a Motion for a Preliminary Injunction—on July 13, 2022.

Nevertheless, in an effort to find an amicable resolution to the Plaintiff's surprising claims, Defendants have agreed to participate in a mediation on August 8, 2022.  To accommodate that mediation—and prevent the expenditure of attorneys' fees in the meantime—the parties negotiated the terms of an agreement to temporarily extend the current deadlines in this case—namely, Defendants' responses to Plaintiff's First Amended Complaint and to Plaintiff's Motion for Preliminary Injunction.  These negotiations were largely successful.  Specifically, the parties agreed as follows:

- o Defendants' deadline to respond to Plaintiff's First Amended Complaint should be continued to August 30, 2022;

- Defendants' deadline to respond to Plaintiff's Motion for Preliminary Injunction should be continued to at least three weeks after the scheduled mediation;

- Plaintiff's reply in support of its Motion for Preliminary Injunction should be filed no later than fourteen days after the filing of Defendants' opposition;

- in connection with the Motion for Preliminary Injunction, Plaintiff's two declarants would be made available for depositions; and

- good cause exists to grant the relief requested, including because (1) the requested extensions will likely help the parties economically resolve the issues in this lawsuit; (2) without such relief, the parties would expend costs and time complying with immediate deadlines that would distract from an early mediation; (3) the requested extensions are not lengthy; and (4) the Court has not entered a Scheduling Order and thus, no major deadlines would be affected.

This agreement, however, left two remaining issues unresolved: whether the agreed, expedited discovery would include targeted document production and when Defendants' response to Plaintiffs' Motion for Preliminary Injunction was due. As to the first issue, Plaintiff would not agree to include targeted document production as part of the expedited discovery. Defendants proposed that Plaintiff produce three narrow categories of documents by August 12, 2022—approximately ten days before the expedited depositions would take place. As to the second disagreement, Plaintiff proposed August 30, 2022 as the deadline to file that response. Defendants proposed the date of September 16, 2022—approximately three weeks after the completion of the expedited depositions—to ensure that Defendants had sufficient time to incorporate the depositions in their response.

To resolve this dispute, Defendants request the Court order Plaintiff to produce three narrow categories of documents that go to the heart of Plaintiff's claims and allegations supporting their Motion for Preliminary Injunction. These categories are:

(1) Documents evidencing when, where, and how Plaintiff has "used" its alleged common law trademark;

(2) Documents evidencing Plaintiff's knowledge, awareness of, or acquiescence to Defendants' plans to provide goods and services under the CARBONE mark in Dallas, Texas.

(3) Documents evidencing Plaintiff's allegations of "confusion" between the parties' respective goods and services.

Once these three categories of documents are produced, Defendants will need a brief time to review them before proceeding with the deposition of Plaintiff's declarants and Mr. Summers. Accordingly, Defendants ask this Court to order Plaintiff to produce documents responsive to the above three categories by August 12, 2022. Further, Defendants ask the Court to order Plaintiff to make its declarants available for deposition the week of August 22, 2022 and to authorize the service of a third party deposition subpoena on Mr. Summers for deposition that same week.

Defendants would then need three weeks from completion of that discovery to prepare its response to Plaintiff's Motion for Preliminary Injunction, making the response deadline September 16, 2022. Defendants, of course, would agree to allow Plaintiff the full fourteen-day period to submit any reply in support of its motion thereafter, making Plaintiff's reply deadline September 30, 2022.

## II.     ARGUMENT

Plaintiff agrees that good cause exists to extend the deadlines in this case to at least three weeks after the scheduled August 8, 2022 mediation and to conduct expedited depositions of Plaintiff's principals. Good cause exists to extend Defendants' response deadline approximately two weeks further, allowing Defendants to conduct narrow, targeted, expedited discovery in connection with their opposition response to the Motion for a Preliminary Injunction.

A court may order expedited discovery if there is some showing of good cause to justify the order. *See U.S. Commodity Futures Trading Comm'n v. M25 Invs., Inc.*, No. 3:09-cv-1831-M, 2009 WL 3740627, at *1 (N.D. Tex. Sept. 29, 2009) ("Good cause exists for the Plaintiff to

conduct expedited discovery. . . ."). An order for expedited discovery is appropriate in "case[s] seeking a preliminary injunction." *Rodale, Inc. v. U.S. Preventive Med., Inc.*, No. 4:08-cv-120, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008) (allowing expedited discovery and noting that "the Defendant has shown the requisite good cause for the entry of an expedited discovery order"). Further, courts have noted that "[g]ood cause frequently exists in cases involving claims of infringement and unfair competition." *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. Jan 7, 2002) (citing *Benham Jewelry Corp. v. Aron Basha Corp.*, No. 97-Civ. 3841(RWS), 1997 WL 639037 at *20 (S.D.N.Y. Oct. 14, 1997)).

Here, as an initial matter, good cause exists because Plaintiff is seeking a preliminary injunction and because the case involves claims of infringement and unfair competition. But more specifically, good cause exists because facts that will be central to the determination of the Motion for Preliminary Injunction are only within Plaintiff's possession, both in documentary and testimonial form. Without the ability to conduct limited discovery, Defendants will be severely prejudiced and the Court will face a woefully incomplete record when making its determination on the merits of the motion.

> **A.  The Requested Limited Discovery Is Central to Plaintiff's Claims and Only in Plaintiff's Possession.**

In its Motion for a Preliminary Injunction, Plaintiff argues that it is likely to succeed on its claims of trademark infringement and unfair competition under federal and Texas law.[1] *See* ECF No. 11 at 9-21. For these claims, evidence of Plaintiff's trademark rights (including when its rights started and where they are located), evidence as to whether Plaintiff acquiesced to Defendants' use and how long it was aware of Defendants' plans to use, and evidence of actual

---

[1] Plaintiff does not argue a likelihood of success on its other claims in the First Amended Complaint, including trademark dilution.

confusion (or a lack thereof) is necessary. *See, e.g., Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 309 (5th Cir. 2008) (citing *Sec. Ctr., Ltd. v. First Nat'l Sec. Ctrs.*, 750 F.2d 1295, 1298 (5th Cir. 1985) ("To succeed in a trademark infringement claim, a party must first show that it has a protectable right in the mark and, second, show that there is a likelihood of confusion between the marks. . . . In determining whether a likelihood of confusion exists, this court considers the following nonexhaustive list of factors: . . . (7) any evidence of actual confusion."); *Gonannies, Inc. v. Goaupair.com, Inc.*, 464 F. Supp. 2d 603, 608 (N.D. Tex. Dec. 7, 2006) ("It is black letter trademark law that 'it is not the registration, but only actual use of a designation as a mark that creates rights and priority over others. . . .'"); *Wireless Agents, LLC v. T-Mobile, USA, Inc.*, No. 3:05-CV-0094D, 2006 WL 1540587, at *4 (N.D. Tex. June 6, 2006) ("[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction…Absent a good explanation, a substantial period of delay … militates against the issuance of a preliminary injunction by demonstrating there is no apparent urgency to the request for injunctive relief."); *Johnny's Fine Foods, Inc. v. Johnny's Inc.*, 286 F.Supp. 2d 876, 883 (M.D. Tenn. Oct. 2, 2003) (granting "defendant's acquiescence defense, and find[ing] that both monetary and injunctive relief are barred in this action"). Defendants' three requested categories of document production correspond to each of these critical issues.

*First*, central to Plaintiff's claims in this case is the timing of the first "use" of Plaintiff's alleged common law trademark and the subsequent geographic scope of such use. Plaintiff concedes that Defendant Major Intellectual filed an intent-to-use (ITU) application for a federal trademark registration for CARBONE RESTAURANT on January 27, 2012—approximately four months *before* Plaintiff opened its restaurant in April 2012 and that this application matured into a federal trademark registration. *See* ECF No. 11 at 6, 10, 12. And Plaintiff concedes that it filed

no trademark registration, and thus it must establish that it owns common law rights based on use prior to the January 27, 2012 "constructive first use date" created by Defendants' ITU filing. *See id.* at 15-19.

In its Motion, Plaintiffs makes a series of conclusory declarations about its alleged "use" of the "Carbone's" mark in 2011. *See id.* at 8-12. Plaintiff makes similarly conclusory assertions regarding the geographic scope of such use, claiming this "use" extended to all of Texas (even though it only operates one restaurant in Dallas) and thus it is entitled to a broad injunction which covers Texas as a whole. *See id.* at 15-19. Plaintiff should be compelled to produce documents evidencing these allegations in order for Defendants to test the merits of these key claims, including whether such "use" actually occurred prior to Defendants' ITU filing and the geographic scope of Plaintiff's alleged use.

***Second***, Defendants will assert the affirmative defense of acquiescence because Plaintiff communicated to them that it was fine to proceed with plans to open a CARBONE restaurant in Dallas, which Defendants relied on to their detriment. Affirmative acquiescence is a defense to a trademark infringement claim. *See Abraham v. Alpha Chi Omega*, 708 F.3d 614, 624 (5th Cir. 2013) ("elements of acquiescence are (1) assurances, (2) reliance, and (3) undue prejudice"); *see also Johnny's Fine Foods, Inc.*, 286 F.Supp. 2d at 883 ("[T]he Court sustains the defendant's acquiescence defense, and finds that both monetary and injunctive relief are barred in this action. . . ."). Relatedly, Defendants will argue that Plaintiff knew about their plans and purported "confusion" for many months and took no action, which belies Plaintiff's claim of irreparable harm. *See Gonannies, Inc.*, 464 F. Supp. 2d at 609 ("[D]elay in seeking a remedy is an important factor bearing on the need for a preliminary injunction. Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that

9

there is no apparent urgency to the request for injunctive relief. Evidence of an undue delay in bringing suit may be sufficient to rebut the presumption of irreparable harm."); *see also Wireless Agents, LLC*, 2006 WL 1540587, at *4 (same). To permit the merits of these defenses to be fully and fairly heard, Plaintiff must produce all documents reflecting or evidencing Plaintiff's knowledge and/or awareness of Defendants' plans to provide goods or services under the CARBONE mark in Dallas, Texas, including all communications and text messages internally, with agents, investors (including Mr. Summers) or anyone else. Such documents (and depositions of Plaintiff's declarants and Mr. Summers) will be critical to demonstrating how Plaintiff acquiesced to Defendants' entrance into the market and that Plaintiff's excessive delay in filing its Motion for a Preliminary Injunction belies its purported need for expedited relief.

**Third**, in its Motion, Plaintiff claims to have documented numerous instances of alleged actual confusion. To permit Defendants to test the merits of those key claims, Plaintiff should produce all documents evidencing or reflecting this purported actual confusion, including copies of the purported call logs Plaintiff claims to have made. *See, e.g.*, ECF No. 11 at 13. As it stands now, most of the alleged confusion in its Motion for Preliminary Injunction is vague and conclusory, and a deeper look is required before any decision on the merits. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842 n.7 (9th Cir. 2002) (finding "several dozen inquires . . . about whether the parties were related [without more], too ambiguous"); *Instant Media, Inc. v. Microsoft Corp.,* No. C 07-02639 SBA, 2007 WL 2318948, at *2 (N.D. Cal. Aug. 13, 2007) (finding CEO's statement that plaintiff "has received a number of [communications] from a number of consumers" too "vague"; "confusion in the abstract is not actual confusion"); *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 290 F. Supp. 2d 1083, 1093-94 (C.D. Cal. Jun. 30, 2003) (where

10

plaintiff did not provide "names, dates, nature of confusion, or documentary evidence," testimony did not evidence actual confusion).

> B. **Good Cause Exists Because Plaintiff's Requested Relief Would Affirmatively Alter the Status Quo.**

A preliminary injunction is an "extraordinary" remedy and "never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The purpose of a preliminary injunction is to preserve the status quo" and "prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits." *Exhibitors Poster Exchange, Inc., v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561 (5th Cir. 1971) (citing *Miami Beach Fed. Sav. & Loan Ass'n v. Callander*, 256 F.2d 410, 415 (5th Cir. 1958)). Here, Plaintiff's requested relief would *change* rather than preserve the status quo. Indeed, Plaintiff asks the Court to order Defendants to change the entirety of their business and stop selling its products altogether in Texas. Defendants began selling its CARBONE sauces and opened its CARBONE restaurant in Dallas months before Plaintiff even filed suit. And Plaintiff knew for *over a year* about Defendants' plans and did nothing. The fact that Plaintiff seeks to change, rather than preserve, the status quo is reason to deny the Motion for Preliminary Injunction; however, at a minimum, Defendants should be allowed to adequately defend themselves by seeking essential, limited discovery.

> C. **Good Cause Exists Because the Requested Extensions Are Not Lengthy, Especially in Light of Plaintiff's Own Dilatoriness.**

Plaintiff's most recent position was that Defendants should be required to serve a response to the Motion for Preliminary Injunction on August 30, 2022. By this motion, Defendants seek an additional seventeen days to respond, during which time Defendants will be busy conducting limited discovery and subsequently preparing the response. Should the August 8th mediation be unsuccessful, Defendants want to work towards a speedy resolution of the claims and have proposed a modest extension to balance that goal with the the goal of also proceeding with an

11

adequate evidentiary record. Defendants' proposed extension will not modify any other deadlines or otherwise meaningfully impact the continuation of this case.

Defendants' requests are especially reasonable given Plaintiff's own delay in pursuing its claims. Specifically, although Plaintiff filed this lawsuit on June 1, 2022, Plaintiff knew about Defendants' plans to open their CARBONE restaurant in Dallas as early as September 2020. Further, Plaintiff acknowledges in its own First Amended Complaint that it had direct communications with Defendants regarding the CARBONE restaurant as far back as December 1, 2021. *See* ECF No. 10 at ¶ 16. Plaintiff even admits it became aware of "confusion" as early as May 10, 2021 (*see* ECF No. 10-1 at 20), and admits that it was aware of the store display it cites as its lead evidence of "confusion" by March 2, 2022—months before it filed its lawsuit and the Motion for Preliminary Injunction. *See* ECF No. 10 at ¶ 9. Now, less than two weeks before the parties are set to mediate on August 8, 2022, and months after several critical events central to its allegations occurred, Plaintiff insists that Defendants must respond to its Motion for Preliminary Injunction, without the benefit of the time to take limited discovery to defend against Plaintiff's claims for extraordinary relief. Plaintiff's sudden urgency is belied by its own inaction for many months. Accordingly, Defendants respectfully request that the Court grant this motion in its entirety, allowing Defendants limited expedited discovery and additional time to respond to Defendants' Motion for Preliminary Injunction

## III.    CONCLUSION

For the reasons noted above, Defendants respectfully request that the Court grant this motion in its entirety, thereby (1) continuing Defendants' deadline to file their response to the First Amended Complaint to August 30, 2022; (2) continuing Defendants' deadline to respond to Plaintiff's Motion for Preliminary Injunction to September 16, 2022; (3) ordering Plaintiff to produce documents responsive to the three categories of documents set forth above by August 12,

2022; (4) ordering Plaintiff's two declarants to sit for depositions during the week of August 22–26, 2022, and (5) permitting Defendants to serve a subpoena for documents and deposition on Stephen Summers. Defendants further request that the Court grant any other relief to which they may be entitled.

Dated: July 28, 2022

Respectfully submitted,

/s/ *Jeremy Fielding*
Jeremy Fielding
Texas Bar No. 17233700
Jonathan David Kelley
Texas Bar No. 24090202
Ruben Alan Garcia
Texas Bar No. 24101787
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, Texas 75205
Telephone: (214) 972-1770
Facsimile: (214) 972-1771
jeremy.fielding@kirkland.com
jon.kelley@kirkland.com
ruben.a.garcia@kirkland.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 28, 2022 with a copy of this document via the Court's CM/ECF system.

                                                      */s/ Jeremy Fielding*
                                                      Jeremy Fielding

**CERTIFICATE OF CONFERENCE**

I hereby that on July 26, 27, and 28, 2022, I conferred with Plaintiff's counsel regarding the relief requested in this Motion. Plaintiff is opposed the relief requested and the parties have reached an impasse on the issues discussed herein.

                                                      */s/ Jeremy Fielding*
                                                      Jeremy Fielding