IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARBONE'S FINE FOODS AND WINES LLC, | § § § | |
| Plaintiff, | § § | Case No. 3:22-cv-01184-E |
| v. | § § | |
| CARBONE RESTAURANT LLC, CARBONE FINE FOOD LLC, THE MAJOR FOOD GROUP LLC, and MAJOR INTELLECTUAL LLC | § § § § § | |
| Defendants et. al. | § § | |

**PLAINTIFF CARBONE'S FINE FOOD AND WINE, LLC'S
RESPONSE IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION
FOR EXPEDITED BRIEFING AND CONSIDERATION OF THE
MOTION TO EXTEND DEADLINES AND FOR EXPEDITED DISCOVERY**

Plaintiff Carbone's Fine Food and Wine, LLC ("Plaintiff") respectfully submits this response in opposition to Defendants' Emergency Motion for Expedited Briefing and Consideration of the Motion to Extend Deadlines and for Expedited Discovery ("Emergency Motion") (ECF No. 18).

Defendants' Emergency Motion is not supported by the Rules of this Court nor by case law, indeed, Defendants' Emergency Motion ***does not cite to a single Rule or a single case that supports the relief requested***.  If a party were entitled to emergency relief in the form of an *extremely* shortened briefing schedule on a motion for expedited discovery and to extend the briefing schedule, there would be a Federal Rule of Civil Procedure, a Local Rule, or one of this Court's Specific Rules providing for such a motion—but there is not.  Alternatively, there would be case law authority holding that such a briefing schedule is appropriate under the circumstances

here, but again, Defendants were unable to cite to any such authority.  Simply put, if a briefing period of three business days (Friday July 29 – Tuesday August 2) for Plaintiff's Opposition were appropriate in these circumstances, there would be some legal authority to support that request— yet, Defendants do not point to any such authority and thus, their Emergency Motion should be denied on that basis alone.

From a broader perspective, Defendants are seeking a three-business day briefing schedule on their Motion to Extend Deadlines and for Expedited Discovery related to Plaintiff's fully noticed Motion for Preliminary Injunction. As will be further addressed in Plaintiff's Opposition to Defendants' Motion to Extend Deadlines and for Expedited Discovery, the relief sought should be denied.  If expedited discovery and an extended briefing schedule were appropriate in response to a Motion for Preliminary Injunction, then such discovery and extended briefing schedule would be envisioned by the Rules.  However, Federal Rule of Civil Procedure 65 addresses Preliminary Injunctions with no mention of a need for expedited discovery or an extended briefing schedule. Further, the Northern District of Texas Local Rules similarly do not provide for expedited discovery or an extended briefing schedule in relation to a Motion for Preliminary Injunction. Of course, other Courts in this District agree. *Heil Trailer Int'l, Co. v. Kula*, No. 4:12-CV-385-Y, 2012 WL 12877644, at *1 (N.D. Tex. June 12, 2012) is instructive. In *Heil Trailer*, the plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and a Motion for Expedited Discovery in a matter alleging theft of trade secrets. The Court denied the Motion for Temporary Restraining Order but set a briefing schedule for the Motion for Preliminary Injunction, wherein the Defendant's opposition thereto was to be filed "no later than the date their answer to the complaint is due." *Id*.  As explained in detail below, this is the exact briefing schedule that Plaintiff proposed to Defendants, *which Defendants rejected*.  Further, the *Heil*

*Trailer* Court **denied the Motion for Expedited Discovery** despite the arguments from plaintiff that expedited discovery was warranted to determine the extent of the trade secret theft—a key issue to the motion for preliminary injunction. *See id*. at *2.  Instead, the Court recognized that such a request was premature, and that "[o]nce the parties have submitted the required [Rule 26(f)] joint status report, the Court may revisit the need for expedited discovery." *Id*.  Here, Plaintiff asks for the same result—nothing more than compliance with the Rules that control every other case in this District.  Defendants have offered nothing to support their request that they be given special treatment outside of the normal rules, and accordingly, Defendants' request should be denied.

In addition to being wholly legally unsupported, Defendants' Emergency Motion is unsupported by the facts.  What Defendants' Emergency Motion fails to tell this Court is that Defendants themselves are responsible for this so-called emergency and are now wasting the Court and the Plaintiff's time and resources, likely in an attempt to drive up the cost of this litigation as a tactic to drive a more favorable settlement for Defendants.  As this Court is aware, Plaintiff first filed this lawsuit on June 1, 2022, and Defendants were provided a courtesy copy to their counsel on June 4, 2022.  (ECF No. 1).  Following the filing of the Complaint, counsel for Plaintiff and Defendants engaged in numerous discussions in an attempt to potentially resolve this matter. (Declaration of Jason Blackstone at ¶ 3). Due to the continued and increasing harm being suffered by Plaintiff, as noted in Plaintiff's Amended Complaint, Plaintiff was left with no choice but to move forward with filing its Amended Complaint and Motion for Preliminary Injunction as Defendants refused to make themselves available to attend mediation until August 8, 2022.  Courtesy copies of those pleadings were provided to Defendants' counsel no later than July 14, 2022, and Defendants' counsel officially accepted service thereof on July 18. (*Id*. at ¶ 4).  In other

words, Defendants *have already been in possession of the Motion for two weeks*.

Following Defendants' receipt of Plaintiff's Motion for Preliminary Injunction, counsel for the parties engaged in meet and confer efforts wherein Plaintiff was willing to stipulate to reset the deadlines for Defendants' responsive pleading and Opposition to Motion for Preliminary Injunction to 21 days starting the day after the Mediation (August 9th). (*Id*. at ¶ 6). Put differently, Defendants would have had the full 21-day opposition period provided by the Rules, a period which would not start unless and until after mediation failed on August 8.  Considering that Defendants have had the papers since July 14—*this would be a total of 47 days for Defendants to prepare their opposition*. Defendants were sent a draft stipulation that would have allowed the Defendants to stay their response, but this was rejected by the Defendants.  (Id. At 6)On July 22, 2022, the parties engaged in further discussions regarding the proposed schedule and expedited discovery, with Plaintiff's counsel unequivocally stating that "We have no problem making our principals available for expedited discovery, but do expect the opposition to be filed with 21 days as contemplated by the rules.  If MFG believes it needs additional time to respond, then it will need to request leave from the court." (*Id*. at ¶ 7).  Unfortunately, the parties were unable to come to an agreement on the schedule.  Then, finally, *six days later*, on July 28, Defendants filed their Emergency Motion, which proposed a mere three business day turnaround time for Plaintiff to oppose Defendants' Motion.  When viewed in context, it is clear that the Defendants are responsible for their own delay in seeking Emergency Relief—and Plaintiff should not be forced to oppose a fully briefed motion over a single weekend, rather than the normal 21-day timeline contemplated by the Rules. Defendants should be given until August 30, 2022, to respond to Plaintiff's Motion for Preliminary Injunction which is beyond reasonable, and is the solution proposed by Plaintiff to minimize briefing and costs ahead of the parties' mediation on August 8th.

For the reasons set forth above, Defendants' Emergency Motion for Expedited Briefing and Consideration of the Motion to Extend Deadlines and for Expedited Discovery should be denied. Instead, Defendants should be given until August 30, 2022, to respond to Plaintiff's Motion for Preliminary Injunction.

July 31, 2022                                **MICHELMAN & ROBINSON, LLP**

By: */s/ Matthew E. Yarbrough*
    Matthew E. Yarbrough
    Texas Bar No. 00789741
    myarbrough@mrllp.com
    Jason A. Blackstone
    Texas Bar No. 24036227
    jblackstone@mrllp.com
    100 Crescent Ct., Suite 700
    Dallas, TX 75201
    Telephone: (214) 263-7500

    Jennifer A. Mauri
    (Pro Hac Vice Pending)
    jmauri@mrllp.com
    17901 Von Karman Ave., Ste. 1000
    Irvine, CA 92614
    Telephone: (714) 557-7990

    Adam M. Korn
    (Pro Hac Vice Pending)
    akorn@mrllp.com
    10880 Wilshire Boulevard, 19th Floor
    Los Angeles, CA 90024
    Telephone: (310) 299-5500

    *Attorneys for Plaintiff*
    *Carbone's Fine Food and Wine LLC*

**CERTIFICATE OF SERVICE**

      This is to certify that on this 31st day of July 2022, a true and correct copy of the above and foregoing document was served upon all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

                                              */s/ Matthew E. Yarbrough*
                                              Matthew E. Yarbrough